UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON GENE DAVIS, | Case No. 1:21-cv-01769-JLT-HBK (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | APRIL 15, 2024 DEADLINE |
| CDCR, et al., | |
| Defendants. | |

Plaintiff Aaron Gene Davis, a former state prisoner, initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 7). On August 16, 2023, pursuant to 28 U.S.C. § 1915A the Court issued a screening order finding the Complaint failed to state a federal claim against any Defendant. (*See generally* Doc. No. 19). The Court afforded Plaintiff the opportunity to file an amended complaint, and Plaintiff timely filed a first amended complaint. (Doc. No. 20). On November 30, 2023, after Plaintiff filed a change of address indicating that he had been released from CDCR custody, the Court issued an Order directing Plaintiff to pay the balance of his filing fee or submit a long-form IFP application. (*See* Doc. No. 22). On February 9, 2024, the Court screened Plaintiff's FAC and found that it stated an Eighth Amendment excessive use of force claim against Defendants Sepeda, Ochoa, and Guiterrez, but failed to state any other cognizable claims. (Doc. No. 23 at 9). Plaintiff was given two options to exercise no later than March 15, 2024: (1) file a notice that he intends to stand on the FAC as screened and

proceed only on those claims the Court deems cognizable in the February 9, 2024 Screening Order; or (2) file a Notice stating he intends to stand on his FAC subject to the undersigned recommending the district court dismiss certain claims and Defendants for the reasons stated in the February 9, 2024 Screening Order. (*Id*. at 9-10). The Court expressly warned Plaintiff that if he "fails to timely respond to this Court Order or seek an extension of time to comply" the undersigned "will recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order and prosecute this action." (*Id*. at 10 ¶ 3). The deadline to respond has lapsed and Plaintiff has not elected either of the two options or otherwise moved for an extension of time. (*See* docket). Additionally, Plaintiff has failed to either pay the balance of his filing fee or file a long-form IFP application, as required by the Court's November 30, 2023 Order. (*See* Doc. No. 22).

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order.

Accordingly, it is hereby **ORDERED**:

**No later than April 15, 2024**, Plaintiff shall comply with the Court's previous Orders dated November 30, 2023 and February 9, 2024, or show cause why the Court should not recommend that this case be dismissed without prejudice for Plaintiff's failure to prosecute this action and/or his failure to timely comply with the Court's November 30, 2023 and February 9, 2024 Orders.

Dated:    March 25, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE