UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON GENE DAVIS,<br><br>    Plaintiff,<br><br> v.<br><br>CDCR, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01769-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE[1]<br><br>14-DAY DEADLINE |

Plaintiff Aaron Gene Davis is a state prisoner proceeding pro se in this civil rights action. For the reasons set forth below, the undersigned recommends that the District Court dismiss this action without prejudice for Plaintiff's failure to comply with a court order and prosecute this action.

**BACKGROUND**

Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 in the Northern District of California, which was subsequently transferred to the Fresno Division of this Court. (Doc. No. 7, "Complaint"); (Doc. No. 10). On August 16, 2023, pursuant to 28 U.S.C. § 1915A the Court issued a screening order finding the Complaint failed to state a federal claim against any Defendant. (*See generally* Doc. No. 19). The Court afforded Plaintiff the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

1    opportunity to file an amended complaint, and Plaintiff timely filed a first amended complaint.
2    (Doc. No. 20). On November 30, 2023, after Plaintiff filed a change of address indicating that he
3    had been released from CDCR custody, the Court issued an Order directing Plaintiff to pay the
4    balance of his filing fee or submit a long-form IFP application. (*See* Doc. No. 22).
5           On February 9, 2024, the Court screened Plaintiff's FAC and found that it stated an Eighth
6    Amendment excessive use of force claim against Defendants Sepeda, Ochoa, and Guiterrez, but
7    failed to state any other cognizable claims. (Doc. No. 23 at 1). The Court directed Plaintiff to
8    select one of two options no later than March 15, 2024: (1) file a notice to proceed only on his
9    claims deemed cognizable or (2) stand on the FAC subject to the Court recommending the district
10   court dismiss any remaining claims not deemed cognizable. (*Id*. at 1-2). The Order also directed
11   Plaintiff to pay the balance of his filing fee or file an updated application to continue to proceed
12   *in forma pauperis* no later than March 15, 2024. (*Id*. at 10 ¶ 2). The Screening Order explicitly
13   warned Plaintiff that failure to timely respond would result in the Court, "recommend[ing] the
14   district court dismiss this action for Plaintiff's failure to comply with this Court Order and
15   prosecute this action." (*Id*. ¶ 3). On March 26, 2024, after Plaintiff failed to timely respond to
16   the Court's Screening Order, the Court issued an Order to Show Cause, directing Plaintiff to show
17   cause by April 15, 2024 why this case should not be dismissed for failure to prosecute and
18   comply with court orders. (Doc. No. 25). Plaintiff has not responded to the Order to Show Cause
19   or the February 9, 2024 Screening Order and the time to do so has passed. *See* docket.

**APPLICABLE LAW AND ANALYSIS**

**A. Legal Standard**

22          Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action
23   when a litigant fails to prosecute an action or fails to comply with other Rules or with a court
24   order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889
25   (9th Cir. 2019) (citations omitted). Similarly, this Court's Local Rules, which correspond with
26   Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . .
27   any order of the Court may be grounds for the imposition by the Court of any and all sanctions
28   . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent

power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third

factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's February 9, 2024 Order expressly warned Plaintiff that his failure to respond to the Court's Order would result in a recommendation of dismissal of this action. (Doc. No. 23 at 10 ¶ 3). The Court's March 26, 2024 Order to Show Cause further ordered Plaintiff to respond to the Court's previous orders or risk dismissal. (Doc. No. 25). Thus, Plaintiff has had adequate warnings that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

////

Accordingly, it is hereby **RECOMMENDED**:

This action be DISMISSED *without prejudice* for Plaintiff's failure to obey court orders and failure to prosecute.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    April 17, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE